COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



§

CARMEN STARK, § No. 08-17-00015-CV

Appellant, § Appeal from the

v. § 205th District Court

QUICK SELL BUYERS, LLC, § of El Paso County, Texas

Appellee. § (TC# 2016DCV2971)

§

**O RDER**

On January 30, 2017, the Court referred the above-styled and numbered case for mediation. The order required the parties to agree upon a qualified mediator within twenty days, and if the parties informed the Court they could not agree, the Court would enter an order reinstating the appellate timetable. Pursuant to the order, the parties are required to complete mediation by March 30, 2017. Appellant has filed a motion asking the Court to extend the deadline for completing mediation and to waive the mediator's fees because she is unable to afford them. Appellee is opposed to the motion.

Our order placed the responsibility for selecting a mediator on the parties, and the parties apparently agreed upon a qualified mediator who charges a fee for the mediation. Appellant subsequently requested that Appellee pay the entire fee, but Appellee refused. Appellant and her attorney did not attend the scheduled mediation. According to Appellee, the mediator's fee is non-

refundable.  Appellee requests that the Court order Appellant to attend mediation and pay her share of the mediator's fee.  Further, Appellee asks the Court to assess attorney's fees and costs in the amount of $346.00 against Appellant.

It is the Court's policy to not appoint the mediator or to make any order with respect to the mediator's fees or costs.  Further, the Court is not authorized by the Rules of Appellate Procedure or Chapter 154 of the Texas Civil Practice and Remedies Code to order that the mediator's fee is waived.  The Court is also not authorized to assess attorney's fees against a party in connection with mediation.  When the Court refers an appeal to mediation, the Court expects the parties to agree upon a mediator, and to resolve issues related to the mediator's fee by agreement.  Accordingly, Appellant's motion is denied.  Further, Appellee's requests for relief as stated in its response are also denied.  The deadlines and requirements stated in the Court's January 30, 2017 order remain in effect.  If mediation cannot proceed for whatever reason, the parties are directed to notify the Court and we will enter an order reinstating the appellate timetable.

IT IS SO ORDERED this 2nd day of March, 2017.


PER CURIAM


Before McClure, C.J., Rodriguez and Palafox, JJ.